Samuel A. Schwartz, Esq.  
Nevada Bar No. 10985  
Sean E. McClenahan, Esq.  
Nevada Bar No. 10141  
Schwartz Law Firm, Inc.  
626 South Third Street  
Las Vegas, Nevada 89101  
Telephone: (702) 385-5544  
Facsimile: (702) 385-2741  
Attorneys for Debtors

E-FILED: January 22, 2010

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| In re: | Case No. 09-34342-lbr |
|---|---|
| Nicholas DiPuccio and | Chapter 13 |
| Jeannie DiPuccio, | Hearing Date: March 4, 2010 |
|  | Hearing Time: 2:30 P.M. |
| Debtors. | Courtroom: 1 |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF WELLS FARGO PURSUANT TO 11 U.S.C. § 506(a) AND § 1322**

Now come Nicholas DiPuccio and Jeannie DiPuccio (the "**Debtors**"), by and through their undersigned attorneys, the Schwartz Law Firm, Inc., and petition this Court, pursuant to section 506(a) and 1322 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Bankruptcy Rules 3012 and 9014 of the Federal Rules of Bankruptcy Procedure to strip off their unsecured second mortgage and state:

**FACTUAL BACKGROUND**

1. On December 30, 2009, the Debtors filed their petition under Chapter 13 of the Bankruptcy Code. The Debtors currently own a residential Property at 10921 Cardinal Crest Lane, Las Vegas, NV 89144 (the "**Residential Property**").

2. The value of the Debtors' Residential Property is $ 294,000.00. See the Appraisal attached hereto as <u>Exhibit A</u>, attached hereto and incorporated for reference.

3. At the time of filing the instant petition, the Subject Property was subject to a first lien held by Wells Fargo Home Mortgage ("**Wells Fargo**"), loan number 7080025375296 in the amount of $295,651.00.

4. As a result, the Debtors' Residential Property does not have any equity and is worth less than its secured debt.

5. Wells Fargo Bank ("**Wells Fargo**") holds the second mortgage on the Residential Property, loan number 6505000114-1998, ("**Second Mortgage**") which claim was wholly unsecured as of the petition date and if the Residential Property was sold at auction, Wells Fargo would receive nothing for the Second Mortgage in the amount of $186,448.22.

6. Accordingly, the Debtors request that the Court find that Wells Fargo's Second Mortgage is unsecured and should be reclassified as a general unsecured claim to receive its pro rata distribution with other general unsecured creditors through the Debtor's Chapter 13 plan.

## **MEMORANDUM OF LAW**

7. The Ninth Circuit Court of Appeals has found that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to section 506(a) of the Bankruptcy Code, despite the anti-modification language in section 1322(b)(2) of the Bankruptcy Code. See <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 2002). Specifically, the Court held:

> Section 506(a) divides creditors' claims into 'secured claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in

> which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property:
>
> 'An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.'
>
> 11 U.S.C. 506(a). To put it more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is thus a term of art; not every claim that is secured by a lien on property will be considered a 'secured claim.' Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

In re Zimmer, 313 F.3d at 1222 - 23.

8. Accordingly, since Wells Fargo's Second Mortgage is wholly unsecured (in that there is no equity above the first mortgage in the Residential Property), this secured claim should be reclassified as a general unsecured claim to be treated pro rata with similar unsecured creditors. Wells Fargo's Second Mortgage should also be stripped of its secured rights under state law since no maintainable security interest in the subject property exists.

9. Finally, the filing of a motion rather than an adversary proceeding to achieve the relief requested herein is appropriate in this Court. See In re Bonsignori, Case No. BKS-08-11830-LBR (D.NV dated June 25, 2008) (approving the stripping off of an unsecured lien by motion); see also In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004); In re Bennett, 312 B.R. 843 (Bankr.W.D.Ky.2004); In re King, 290 B.R. 641 (Bankr.C.D.Ill.2003); In re Millspaugh, 302

B.R. 90 (Bankr.D.Idaho 2003); Dickey v. Ben. Fin. (In re Dickey), 293 B.R. 360 (Bankr.M.D.Pa.2003); In re Hill, 304 B.R. 800 (Bankr.S.D.Ohio 2003); In re Sadala, 294 B.R. 180 (Bankr.M.D.Fla.2003); In re Fisher, 289 B.R. 544 (Bankr.W.D.N.Y.2003); In re Hoskins, 262 B.R. 693 (Bankr.E.D.Mich.2001); In re Fuller, 255 B.R. 300 (Bankr.W.D.Mich.2000); and In re Williams, 166 B.R. 615 (Bankr.E.D.Va.1994).

## CONCLUSION

10. Bankruptcy Law is clear, absent equity in the property, the Second Mortgage is unsecured and should receive only it's pro rata distribution with other general unsecured creditors through the Debtor's Chapter 13 plan.

WHEREFORE, Debtor prays that this Court: (i) avoid, "strip off," and extinguish Wells Fargo's (account number 6505000114-7998) wholly unsecured second lien pursuant to section 506(a) of the Bankruptcy Code in the amount of $186,448.22; (ii) reclassify Wells Fargo's Second Mortgage claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan; and (iii) such other relief the Court deems just and proper.

Dated this 22nd day of January 22, 2010.
Respectfully Submitted,

/s/ Sean McClenahan, Esq.
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Sean E. McClenahan, Esq.
Nevada Bar No. 10141
Schwartz Law Firm, Inc.
626 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtors

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that true and correct copies of the MOTION and ORDER were sent via US CERTIFIED MAIL on January 22, 2010 to the following:

Wells Fargo Bank
Attn: Officer or Director
P.O. Box 31557
Billings, MT 59107

I HERBY CERTIFY that true and correct copies of the MOTION and ORDER were sent via US REGULAR MAIL on January 22, 2010, to the following:

Wells Fargo Home Mortgage
Attn: Officer or Director
3476 Stateview Blvd.
Fort Mill, SC 29715

I HERBY CERTIFY that true and correct copies of the MOTION and ORDER were sent via ELECTRONIC COURT FILING SYSTEM on January 22, 2010, to the following:

    RICK A. YARNALL
    ecfmail@LasVegas13.com, ecfimport@lasvegas13.com

                                          /s/ Janine Lee
                                          Janine Lee